

FILED BY ⎯⎯ D.C.

AUG 1 2 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-14035-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

v.

DANIEL SCOTT CROW,

        Defendant.
_____/

### FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Daniel Scott CROW, together with his counsel, admits if this case were to proceed to trial, the government would be able to prove the allegations contained within counts one and two the Indictment, which charges the defendant with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b); and of production of child pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), and 2, and the following facts, among others, beyond a reasonable doubt. The defendant also stipulates that those allegations, elements of the crimes and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

    1.    In July 2019, the defendant met Victim 1, while working as an assistant cruise director. At the time, Victim 1 was 16 years old. The defendant and Victim 1 remained in touch using social media, during which time, the defendant asked Victim 1 for naked photos and videos. Victim 1 provided the requested photos and videos.

    2.    In May 2020, the defendant arranged to meet with Victim 1 for the purpose of engaging in sexual acts. The defendant engaged in a lengthy social media conversation with

Victim 1, discussing her age, the fact that she was under 18, and that he wanted to save her virginity until she was 18, but that he wanted to explore other sexual activities.

3. The defendant and Victim 1 made plans to meet on May 22, 2022 at the Hampton Inn and Suites located in Stuart, Florida. The defendant booked a room using the Priceline website, and provided his personal debit card at check in.

4. Hampton Inn and Suites records verify that the defendant checked in on May 22, 2020.

5. A search of Victim 1's phone, and later the defendant's phone, revealed a video recorded on May 22, 2020, depicting Victim 1 performing oral sex on the defendant while Victim 1 was under the age of 18, and when the defendant was 36 years old. Video metadata showed that the video was created by the defendant's phone, and GPS data placed the defendant's phone at the Hampton Inn and Suites. Such images constitute images of child exploitation and sexually explicit activity.

6. The defendant later distributed this video to Victim 1.

7. On April 30, 2022, the defendant returned to the United States, and was lawfully detained at the Philadelphia Airport pursuant to border search authority. While detained, agents seized an iPhone 12 found on the defendant's person and sent it to Department of Homeland Security Investigations (HSI) Special Agent Brian Ray for examination.

8. Agents also photocopied the defendant's bank cards and identified the debit card the defendant provided at check in to the Hampton Inn and Suites on May 22, 2020.

9. Agent Ray lawfully examined the contents of the defendant's iPhone 12, pursuant to border search authority, and discovered the previously described video of

2

Victim 1 performing oral sex on the defendant. He also located chats between the defendant and another suspect (Suspect 2) in which they discuss Suspect 2's ability to obtain children for sex. They specifically discuss seeking out children as young as five years old.

10. The iPhone 12 was manufactured outside of the United States.

11. The defendant also received child pornography from Suspect 2, and directed him to provide pornography of pre-pubescent minors, often chiding Suspect 2 that the subjects were "too old." Consequently, the defendant received and possessed over 600 images or videos of child pornography, which included content depicting prepubescent minors under the age of 12 and the sexual abuse of toddlers.

12. The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove the elements of the following offenses beyond a reasonable doubt:

Enticement of a Minor

**First:** The defendant knowingly persuaded, induced, enticed, or coerced Victim 1 to engage in sexual activity;

**Second:** the defendant used a cellular phone and the internet to do so;

**Third:** when the defendant did these acts, Victim 1 was less than 18 years old; and

**Fourth:** one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

Production of Child Pornography

**First:** An actual minor, that is, a real person who was less than 18 years old, was depicted;

**Second:** the defendant used the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

**Third:** the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/29/22   By: _____
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

Date: 7/28/22   By: _____
RICHARD D. KIBBEY
ATTORNEY FOR DEFENDANT

Date: 7-28-22   By: _____
DANIEL S. CROW
DEFENDANT